**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



ROY L. PERRY-BEY, *et al.*,

    **Plaintiffs,**

v.                                            **ACTION NO. 2:19cv344**

**MARK T. ESPER,**
*Secretary of the Army, et al.,*

    **Defendants.**

## ORDER

On July 1, 2019, Plaintiffs Roy L. Perry-Bey, Phillip Webster, George Bowe, Anthony Harold, Robert Lee Simpson, Clarence Lawson, and Vivian A. Anderson (collectively "Plaintiffs"), appearing *pro se*, filed a Complaint in this Court and paid the requisite filing fees. *See* Compl., ECF No. 1; Receipt, ECF No. 1-2. Prior to issuing summonses in this action, the Court hereby addresses two issues raised by Plaintiffs' Complaint.

### I. Plaintiff Vivian A. Anderson

As noted above, Vivian A. Anderson is listed as one of the named Plaintiffs in this action. *See* Compl. at 1. However, Ms. Anderson is subject to a pre-filing injunction in the Eastern District of Virginia. On June 21, 2005, this Court entered a Dismissal Order in a prior case filed by Ms. Anderson that stated:

> . . . it is ORDERED that plaintiff Vivian A. Anderson shall be subject to a pre-filing injunction in the Eastern District of Virginia. Should plaintiff wish to initiate any civil litigation in this court, she must comply with the following requirements: (1) plaintiff must submit an "Application for Leave to File Suit in Federal Court," along with a copy of this Dismissal Order imposing the pre-filing injunction, to the Clerk of the Court; and (2) accompanying the

> "Application for Leave to File Suit in Federal Court," plaintiff must attach a separate and notarized declaration or affidavit certifying that the matters raised in the suit are not frivolous and have never before been raised by plaintiff or disposed of on the merits in federal court. Should plaintiff file an "Application for Leave to File Suit in Federal Court," the Clerk is DIRECTED to submit the application to the court for consideration. Plaintiff is CAUTIONED that a violation of the pre-filing injunction may constitute contempt of court and subject her to civil and criminal penalties.

Dismissal Order at 9-10, *Anderson v. Pressley*, No. 2:05cv30 (E.D. Va. June 21, 2005), ECF No. 26. In initiating this action, Ms. Anderson did not submit the materials required of her by the governing pre-filing injunction. Ms. Anderson cannot escape the terms of her pre-filing injunction by initiating an action with other Plaintiffs. Because Ms. Anderson failed to comply with the terms of her pre-filing injunction, the Clerk is **DIRECTED** to terminate Ms. Anderson as a Plaintiff in this action. All claims asserted by Ms. Anderson against Defendants are hereby **DISMISSED**.

## II. Appointment of Counsel

In the "Prayer for Relief" section of their Complaint, Plaintiffs request the Court to, among other things, appoint "competent legal counsel . . . to assist in the preparation of any further responsive pleadings, affidavits, briefs, discovery, etc." Compl. at 33. To support their request, Plaintiffs state that they "lack the financial capability to investigate the critical issues that are so complex," and that as "*pro se* litiga[nts], they can not reasonably be required to present this case with any effectiveness." *Id.* at 33-34. Plaintiffs claim that "legal assistance is necessary and in the interest [of] justice for the fair presentation of a proper case to the Court." *Id.* at 34.

In civil actions, "the appointment of counsel should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). "Exceptional cases" may be found in "meritorious cases involving particularly complex factual or legal issues." *Ferrer v.*

*Garasimowicz*, No. 1:13cv797, 2013 U.S. Dist. LEXIS 139939, at *3 (E.D. Va. Sept. 27, 2013). At this time, the Court finds that Plaintiffs have not adequately established that this action constitutes an "exceptional case" that warrants the appointment of counsel. Accordingly, Plaintiffs' request for appointed counsel is **DENIED** at this time.

### III. Service of Defendants

With the above issues resolved, this action may proceed. The Clerk is **DIRECTED** to issue summonses in this action, and prepare service packets for each Defendant that contain a summons, a copy of the Complaint, and this Order. The Clerk is further **DIRECTED** to notify Plaintiffs when the service packets are available for pickup. Because Plaintiffs paid the requisite filing fees in this action, Plaintiffs are obligated to properly serve each Defendant pursuant to the Federal Rules of Civil Procedure.

In addition to the instructions listed above, the Clerk is **DIRECTED** to send a copy of this Order to Plaintiffs.

IT IS SO **ORDERED.**

_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 3, 2019