

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ROY L. PERRY-BEY, *et al.*,

    Plaintiffs,

v.

RYAN MCCARTHY,
*Secretary of the Army, et al.*,

    Defendants.

ACTION NO. 2:19cv344

## ORDER

Several military veterans and one individual, who describes herself as a "veteran advocate," filed this *pro se* action, in which they allege, among other things, that Defendants failed to properly address requests for veterans' benefits and requests for changes to certain military records. Second Am. Compl. at 5-8, ECF No. 115. This matter is before the Court to address (i) *pro se* representation issues that continue to persist in this action; and (ii) the propriety of proceeding in this action in a consolidated fashion.

### I. Relevant Background

On August 12, 2020, one of the *pro se* Plaintiffs, Vivian Anderson ("Ms. Anderson"), who describes herself as a "veteran advocate," filed a document, in which Ms. Anderson asked the Court to withdraw several Plaintiffs from this action. Mot. Withdraw at 2-3, ECF No. 204; *see* Second Am. Compl. at 5, ECF No. 115. Ms. Anderson indicated that all other named Plaintiffs, except for Roy Perry-Bey ("Mr. Perry-Bey"), "ha[d] given [Ms. Anderson] the right to sign their names" on Court filings. Mot. Withdraw at 2-3. Ms. Anderson is not a licensed attorney.

On August 18, 2020, the Court issued an Order, in which it explained that although "Ms. Anderson is free to represent her *own* interests before this Court on a *pro se* basis," she "cannot represent the interests of *others* on a *pro se* basis." Order at 3, ECF No. 206 (emphasis in original) (citing 28 U.S.C. § 1654; *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 243 (4th Cir. 2020)). The Court further explained that Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper" filed with the Court be signed "by the party personally if the party is unrepresented." *Id.* at 4 (emphasis omitted) (citing Fed. R. Civ. P. 11(a)). Upon review of the Second Amended Complaint, which was the operative complaint at the time of the Court's August 18, 2020 Order, the Court stated: "[I]t appears that a single individual, presumably Ms. Anderson, signed the pleading on behalf of the vast majority of the named Plaintiffs." *Id.* The Court further stated:

> To resolve these issues, Plaintiffs are **ORDERED** to file a Third Amended Complaint within thirty days from the date of entry of this Order. **Any Plaintiff who intends to proceed in this action on a *pro se* basis MUST personally sign the Third Amended Complaint.** Plaintiffs are ADVISED that their Third Amended Complaint will supersede their prior complaints and will become the operative complaint in this action. Plaintiffs are FURTHER ADVISED that failure to comply with the terms of this Order may result in the dismissal of this action.

*Id.* (emphasis in original).

In addition to the issues discussed above, the Court also noted in its August 18, 2020 Order that one of the *pro se* Plaintiffs, Ronald M. Green ("Mr. Green"), sought to represent the interests of the estate of a deceased individual, Wendell Alonzo Willis ("Mr. Willis"), in this action. *Id.* at 4-5 n. 3 (citing Second Am. Compl. at 1, ECF No. 115). The Court explained:

> Courts have indicated that an individual may not litigate *pro se* on behalf of an estate if there are other interested parties to the estate. *See Witherspoon v. Jeffords Agency, Inc.*, 88 F. App'x 659, 659 (4th Cir. 2004) (remanding a decision of the district court to determine whether there were any other interested parties to an estate, and

2

> whether a *pro se* litigant could represent the estate without counsel); *Cadmus v. Williamson*, No. 5:15cv45, 2016 U.S. Dist. LEXIS 112559, at *14 (W.D. Va. Aug. 23, 2016), *adopted by* 2017 U.S. Dist. LEXIS 27504 (W.D. Va. Feb. 27, 2017) (finding that a litigant could not represent the interests of an estate on a *pro se* basis because he was not the sole beneficiary of the estate). As such, to the extent Mr. Green intends to proceed in this action as a *pro se* Plaintiff on behalf of the estate of [Mr.] Willis in the Third Amended Complaint, Mr. Green must establish that he is a proper representative of the estate who may represent the estate on a *pro se* basis.

*Id.*

Instead of filing one complete Third Amended Complaint, six of the named Plaintiffs, Mr. Perry-Bey, Neal C. Morrison, Jr. ("Mr. Morrison"), Anthony William Elliott ("Mr. Elliott"), Mr. Green on behalf of the estate of Mr. Willis, Ms. Anderson, and Mary Ellen Hills ("Ms. Hills"),[1] each filed a separate Third Amended Complaint. Mr. Perry-Bey's Third Am. Compl., ECF No. 207; Mr. Morrison's Third Am. Compl., ECF No. 209; Mr. Elliott's Third Am. Compl., ECF No. 211; Mr. Green's Third Am. Compl., ECF No. 213; Ms. Anderson's Third Am. Compl., ECF No. 217[2]; Ms. Hill's Third Am. Compl., ECF No. 228.

## II. Termination of the Non-Responding Plaintiffs

The Second Amended Complaint named the following twenty individuals as Plaintiffs in this action: Mr. Perry-Bey, Phillip Webster, George Bowe, Anthony Harold, Robert Lee Simpson, Clarence Lawson, Ms. Hill, Rory J. Jenkins, William T. Hayes, Earnest W. Gibbs, Walter Watson, Mr. Elliott, John G. Taylor, Lawrence Taylor, Mr. Morrison, Mr. Green on behalf of the estate of

---

[1] Ms. Hills did not file her Third Amended Complaint within thirty days from the date of entry of the Court's August 18, 2020 Order. However, in deference to Ms. Hills's *pro se* status, the Court will authorize the filing of Ms. Hills's Third Amended Complaint.

[2] Ms. Anderson initially filed a Third Amended Complaint on September 15, 2020; however, she filed another version of her Third Amended Complaint on September 16, 2020, and requested that her earlier filing be replaced with her subsequent filing. *See* Submission at 2, ECF No. 217-2.

Mr. Willis, Daniel Deloach, Krystal D. Jones, Christopher L. Thompson, and Ms. Anderson. Second Am. Compl. at 1, ECF No. 115. As explained above, in its August 18, 2020 Order, the Court ordered Plaintiffs to file a Third Amended Complaint within thirty days, and specifically instructed "[a]ny Plaintiff who intend[ed] to proceed in this action" to "**personally sign the Third Amended Complaint**." Order at 4 (emphasis in original). Only six Plaintiffs demonstrated an intent to proceed in this action by filing a Third Amended Complaint. Accordingly, the Clerk is **DIRECTED** to terminate the other fourteen Plaintiffs who did not respond to the Court's August 18, 2020 Order, namely: Phillip Webster, George Bowe, Anthony Harold, Robert Lee Simpson, Clarence Lawson, Rory J. Jenkins, William T. Hayes, Earnest W. Gibbs, Walter Watson, John G. Taylor, Lawrence Taylor, Daniel Deloach, Krystal D. Jones, and Christopher L. Thompson.

### III. *Pro Se* Representation Issues and the Consolidated Nature of this Action

Upon review of the six Third Amended Complaints filed in this action, as well as the subsequent filings of the remaining Plaintiffs, it is clear to the Court that (i) certain *pro se* representation issues continue to persist in this action; and (ii) the consolidated nature of this action is creating unnecessary confusion and hindering the prompt resolution of this matter.

With respect to the *pro se* representation issues, the Court notes that Ms. Anderson filed a document, in which she states that the "Disabled Minority Veterans" in this action "are all severely [d]isabled and not able to do any of the [m]otions . . . submitted to the Court." Ms. Anderson's Opp'n at 5, ECF No. 245. Ms. Anderson asks the Court to allow her to "continue to submit [m]otions, [a]ffidavit[s], and any other request[s] on their behalf." *Id.* Based on Ms. Anderson's statements, the Court questions whether the remaining Plaintiffs have been representing their own

4

interests before this Court on a *pro se* basis, as is permitted by law, or if Ms. Anderson has continued to represent their interests on a *pro se* basis, which is prohibited.

Additionally, the Court notes that Mr. Green continues to assert claims on behalf of the estate of Mr. Willis. *See* Mr. Green's Third Am. Compl., ECF No. 213. However, according to documents submitted by Mr. Green, it is clear that there are other interested parties to Mr. Willis's estate. *See id.* at 13 (referring to Mr. Willis's sister, Clover Willis, who previously filed a "personal injury claim" on behalf of Mr. Willis); *see also* Henrico County Circuit Court Order at 1, ECF No. 276 (authorizing Mr. Green to serve as a "Co-Administrator" of Mr. Willis's estate and referring to Clover Willis as another interested party); Aff. at 1, ECF No. 293 (identifying Clover Willis as the sister of Mr. Willis and the executor of Mr. Willis's estate); Aff. at 12, ECF No. 214 (providing a copy of Mr. Willis's will, in which Mr. Willis devises all of his real and personal property to his sisters, Clover Willis and Pamela Robinson). Accordingly, Mr. Green cannot litigate on behalf of Mr. Willis's estate on a *pro se* basis. *See Witherspoon*, 88 F. App'x at 659 (remanding a decision of the district court to determine whether there were any other interested parties to an estate, and whether a *pro se* litigant could represent the estate without counsel); *Cadmus*, 2016 U.S. Dist. LEXIS 112559, at *14 (finding that a litigant could not represent the interests of an estate on a *pro se* basis because he was not the sole beneficiary of the estate).

Further, with respect to the consolidated nature of this action, the Court is concerned that continuing to proceed in a consolidated fashion will enable non-attorneys to represent the interests of others on a *pro se* basis, and/or will create unnecessary confusion as the *pro se* litigants attempt to assert their unique claims on their own behalf. *See Darden v. Indymac Bank*, No. CIV S-09-2970, 2009 U.S. Dist. LEXIS 119272, at *8-9 (E.D. Cal. Dec. 22, 2009) (recognizing that "an

action brought by multiple plaintiffs proceeding *pro se* presents procedural problems that often cause delay and confusion").

Additionally, the Court notes that the resolution of the asserted claims will require an individualized analysis of the unique factual allegations applicable to each specific Plaintiff. Although Federal Rule 20(a)(1) authorizes the joinder of plaintiffs in one action under certain circumstances, it must be shown that (i) the plaintiffs "assert [a] right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and (ii) a "question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1); *see* Fed. R. Civ. P. 21 (explaining that misjoinder may be addressed by the Court *sua sponte* at any time); *see also Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007) (noting that "Rule 20 gives courts wide discretion concerning the permissive joinder of parties"). The Court finds that the requirements of Federal Rule 20(a)(1) have not been met in this action.

Under these circumstances, the Court finds that the interests of justice will be better served if the remaining Plaintiffs proceed in separate actions. Accordingly, the Clerk is **DIRECTED** to open the following six actions:

> (i) one action for Mr. Perry-Bey's claims against Defendants United States Department of Defense; Lloyd Austin,[3] in his official capacity as Secretary of Defense; Denis McDonough, in his official capacity as Secretary of Veterans Affairs; and John E. Whitley, in his official capacity as the Acting Secretary of the Army;

---

[3] Plaintiffs assert claims against a number of public officers in their official capacities, including Mark T. Esper, Robert Wilkie, Ryan McCarthy, and Barbara Barrett. However, the roles of these individuals have been assumed by others during the pendency of this action. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, "when a public officer who is a party in an official capacity . . . otherwise ceases to hold office while the action is pending[,] [t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). Accordingly, the names of the current public officers will be used when opening the six separate actions discussed herein.

(ii) one action for Mr. Morrison's claims against Defendants United States Department of Defense; Lloyd Austin, in his official capacity as Secretary of Defense; Denis McDonough, in his official capacity as Secretary of Veterans Affairs; and John E. Whitley, in his official capacity as Acting Secretary of the Army;

(iii) one action for Mr. Elliott's claims against Defendants United States Department of Defense; Lloyd Austin, in his official capacity as Secretary of Defense; Denis McDonough, in his official capacity as Secretary of Veterans Affairs; and John E. Whitley, in his official capacity as Acting Secretary of the Army;

(iv) one action for Mr. Green's claims on behalf of the estate of Mr. Willis against Defendants United States Department of Defense; Lloyd Austin, in his official capacity as Secretary of Defense; Denis McDonough, in his official capacity as Secretary of Veterans Affairs; and John P. Roth, in his official capacity as Acting Secretary of the Air Force;

(v) one action for Ms. Anderson's claims against Defendants United States Department of Defense; Lloyd Austin, in his official capacity as Secretary of Defense; Denis McDonough, in his official capacity as Secretary of Veterans Affairs; and John P. Roth, in his official capacity as Acting Secretary of the Air Force; and

(vi) one action for Ms. Hills's claims against Defendants United States Department of Defense; Lloyd Austin, in his official capacity as Secretary of Defense; Denis McDonough, in his official capacity as Secretary of Veterans Affairs; and John P. Roth, in his official capacity as Acting Secretary of the Air Force.

In each new action, the Clerk is **DIRECTED** to docket a copy of this Order, and a copy of the Third Amended Complaint filed by each specific Plaintiff. *See* Mr. Perry-Bey's Third Am. Compl., ECF No. 207; Mr. Morrison's Third Am. Compl., ECF No. 209; Mr. Elliott's Third Am. Compl., ECF No. 211; Mr. Green's Third Am. Compl., ECF No. 213; Ms. Anderson's Third Am. Compl., ECF No. 217; Ms. Hill's Third Am. Compl., ECF No. 228. To minimize confusion, and to ensure that each *pro se* Plaintiff is proceeding on their own behalf, the Court, by separate Order in each new action, will require the Plaintiff to file a complaint that is limited to his or her own

7

specific factual allegations and asserted claims. No action is required of any party until the Court issues an Order in each new action.

Because Plaintiffs' respective claims will be addressed in the newly opened, separate actions, the Clerk is **DIRECTED** to administratively close the instant action and terminate all pending motions filed therein.

In addition to the instructions listed above, the Clerk is **DIRECTED** to send a copy of this Order to Plaintiffs and counsel for Defendants.

IT IS SO **ORDERED**.

/s/
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 12, 2021